BURR & HARDWICK *v.* UNITED STATES (No. 1933).[1]

1. CONSTRUCTION—EO NOMINE DESIGNATION.

An eo nomine designation of an article, nothing appearing to indicate a contrary legislative intent, should govern its classification for duty.

2. CONSTRUCTION, PARAGRAPH 258, TARIFF ACT OF 1913—"ALL OTHER JACQUARD FIGURED MANUFACTURES OF COTTON."

The language "all other Jacquard figured manufactures of cotton," in paragraph 258, tariff act of 1913, was employed as a precautionary measure rather than as indicating an intention to defeat or invade the specific eo nomine designations of paragraph 358.—Wilson *v.* United States (6 Ct. Cust. Appls., 255; T. D. 35476).

3. JACQUARD FIGURED COTTON LACES AND NETS.

Jacquard figured cotton edgings, insertings, flouncings, and nettings are dutiable eo nomine under paragraph 358, tariff act of 1913. They are not to be classified under paragraph 258 within the provision for "all other Jacquard figured manufactures of cotton."—Carter *v.* United States (6 Ct. Cust. Appls., 253; T. D. 35475); Wilson *v.* United States (6 Ct. Cust. Appls., 255; T. D. 35476); and Levi, Sondheimer & Co. *v.* United States (7 Ct. Cust. Appls., 447; T. D. 37012).

United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8183 (T. D. 37705).

[Affirmed.]

*Brooks & Brooks* (*Henry J. Webster* of counsel) for appellants.
*Bert Hanson*, Assistant Attorney General (*Frank P. Wilson* and *Martin T. Baldwin*, special attorneys, of counsel), for the United States.

---

[1] T. D. 37943 (36 Treas. Dec., 215).

[Oral argument Jan. 23, 1919, by Mr. Webster and Mr. Wilson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise and the assessment here are the same as in the cases of Carter v. United States (6 Ct. Cust. Appls., 253; T. D. 35475); Wilson v. United States (6 Ct. Cust. Appls., 255; T. D. 35476); and Levi, Sondheimer & Co. v. United States (7 Ct. Cust. Appls., 447; T. D. 37012).

The merchandise is laces and nets of cotton, Jacquard figured, and, specifically, is edgings, insertings, flouncings, and nettings, eo nomine mentioned in paragraph 358 of the tariff act of 1913 and thereunder classified.

The importers claim that this merchandise should have been classified under the provision in paragraph 258 of that act for "all other Jacquard figured manufactures of cotton."

The Board of General Appraisers overruled the protest.

The gravamen of the importers' contention is that unless this merchandise be classified as claimed, the quoted provision of paragraph 258 will be inoperative.

This question was before us in the Wilson case, and was again fully considered in the case of Levi, Sondheimer & Co. The record here embraces the record in that case, and there were introduced in evidence the samples in that case and also samples in various other cases which have been considered by the Board of General Appraisers, some but not all of which have been appealed to this court and here determined.

The only difference between this and the Levi, Sondheimer case is that the record here contains additional evidence tending to show that if this merchandise is classified under paragraph 358 the quoted part of paragraph 258 will be inoperative.

There are many paragraphs in the present statute which contain eo nomine or other provisions for what are really manufactures of cotton, and there is a vast number of articles of cotton produced by the aid of the Jacquard machine. Indeed one of importers' witnesses testified "there are quite a variety of articles that are made on the Jacquard machine; hundreds of them, thousands of them."

With these facts in mind, it is apparent that it would be somewhat difficult to establish the claim upon which the importers rely, and that in sustaining that conclusion it would be necessary for us to interpret and apply paragraphs not here directly involved.

In the Levi, Sondheimer case our opinion was rested upon the proposition that the merchandise was more specifically described in paragraph 358 than in 258, although we therein discussed the rule, there

. as here invoked by the importers, that it is the duty of the court, if possible, to give full force and effect to all parts of a statute. We still recognize that rule, but we also have regard for the well-settled rule, especially applicable to tariff statutes, that an eo nomine designation of an article, nothing appearing to indicate a contrary legislative intent, should govern. We still think this rule determines the classification of the merchandise here, and refer to the opinions in the Wilson and Levi, Sondheimer cases for our reasons for such conclusion.

On the whole, we are of opinion that the importers' contention can not be sustained, because the merchandise here is precisely within the eo nomine provision of paragraph 358, the history and language of which make it clear that it was the intent of Congress that such as the merchandise here should be classified thereunder. And further, assuming but not conceding that the importers have established their contention that such an interpretation of paragraph 358 renders inoperative the provision for Jacquard figured manufactures of cotton, it should be held that Congress employed that language in paragraph 258 as a precautionary measure rather than as indicating an intention to defeat or invade the specific eo nomine provision of paragraph 358. This, too, was suggested in our opinion in the Wilson case.

The judgment of the Board of General Appraisers is *affirmed*.